1  GIBSON, DUNN & CRUTCHER LLP
   Katherine V.A. Smith, SBN 247866
2  ksmith@gibsondunn.com
   Elizabeth A. Dooley, SBN 292358
3  edooley@gibsondunn.com
   333 South Grand Avenue
4  Los Angeles, CA 90071-3197
   Telephone: 213.229.7000
5  Facsimile:  213.229.7520

6  GIBSON, DUNN & CRUTCHER LLP
   Jason C. Schwartz (*pro hac vice* application forthcoming)
7  jschwartz@gibsondunn.com
   Greta B. Williams, SBN 267695
8  gbwilliams@gibsondunn.com
   1050 Connecticut Ave., N.W.
9  Washington, D.C. 20036-5306
   Telephone: 202.955.8500
10 Facsimile:  202.467.0539

11 Attorneys for Defendant VOX MEDIA, INC.

12

13

14                 UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16                   SAN FRANCISCO DIVISION

17

18 TAMRYN SPRUILL, individually and on       CASE NO. _____
   behalf of all those similarly situated,
19                                            **NOTICE OF REMOVAL BY DEFENDANT**
              Plaintiffs,                     **VOX MEDIA, INC.**
20
           v.                                 [Removal from the Superior Court of the State of
21                                            California, County of Alameda, Case No. RG
   VOX MEDIA, INC., a Delaware corporation    18921742]
22 (d.b.a. SB NATION); and DOES 1 to 10
   inclusive,                                 Action Filed:    September 21, 2018
23
              Defendants.
24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF TAMRYN SPRUILL AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant Vox Media, Inc. ("Vox Media"), hereby removes this action—with reservation of all defenses and rights—from the Superior Court of the State of California for the County of Alameda, Case No. RG 18921742, to the United States District Court for the Northern District of California, San Francisco Division.  As set forth below, removal is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332.

**I.     TIMELINESS OF REMOVAL**

1.     Plaintiff Tamryn Spruill ("Spruill") filed a Class Action Complaint ("Complaint") against Defendants in the Superior Court for Alameda County, California, Case Number RG 18921742, on September 21, 2018.  Under 28 U.S.C § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant Vox Media as of the date of this filing are attached as Exhibits A-E to the Declaration of Katherine V.A. Smith ("Smith Decl."), filed concurrently herewith.

2.     This notice of removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days after service was completed as to Vox Media.  28 U.S.C. §1446(b); Fed. R. Civ. P. 6(a)(1). In particular:

3.     Plaintiffs elected to serve the summons and complaint on Vox Media pursuant to California Code of Civil Procedure § 415.30.  *See* Smith Decl. ¶ 2, Exh. E.

4.     Plaintiffs mailed Vox Media a "Notice and Acknowledgment of Receipt—Civil," form POS-015.  The date of mailing on the form is "9/24/18."  *See* Smith Decl. ¶ 2, Exh. E.

5.     Vox Media had twenty days from the date of mailing to date, sign, and return the acknowledgment of receipt.  On October 11, 2018, Vox Media dated and signed the acknowledgment of receipt.  On October 11, 2018, it was sent via overnight mail to Plaintiffs' attorney.  *See* Smith Decl. ¶ 2, Exh. E.

6.     Service on Vox Media was complete October 11, 2018.  Cal. Code Civ. Pro. § 415.30, subd. (c) ("Service of a summons pursuant to this section is deemed complete on the date a written

acknowledgement of receipt of summons is executed, if such acknowledgement thereafter is returned to the sender.")

7.      Plaintiffs filed this notice and acknowledgment of receipt with the Superior Court of Alameda County on October 17, 2018.  *See* Smith Decl. ¶ 3, Exh. E.

8.      This notice of removal is filed within 30 days of October 11, 2018, which makes the notice timely.  28 U.S.C. §1446(b); *see HMS Cornerstone Sols., Inc. v. Signorelli Co.*, No. 2:16-CV-02986-KJM-AC, 2017 WL 3433203, at *1-*2 (E.D. Cal. Aug. 10, 2017) (explaining that a defendant must be brought under a court's authority, by formal process, for the removal period to being, and noting that "[f]ederal courts sit[t]ing in California look to California law to determine the sufficiency of service prior to removal" and "[t]he relevant question, therefore, is when service was completed so as to bring defendant under the authority of the Placer County Superior Court"); *Lerma v. URS Fed. Support Servs.*, No. 1:11-CV-00536-LJO, 2011 WL 2493764, at *5 (E.D. Cal. June 22, 2011) (discussing time to file a notice of removal and explaining that "[i]n California, a party is brought within the Court's jurisdiction by proper service of process in accordance with the provisions of the California Code of Civil Procedure.  In a case involving service by mail, service is not effective until a notice of acknowledgment of receipt is signed.").

## II.      SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

9.      Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted against Defendants pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

10.     CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action."  28 U.S.C. § 1332(d)(8).  This case is a putative "class action" under CAFA because it was brought under a state statute or rule, namely California Code of Civil Procedure § 382, authorizing an action to be brought by one or more representative persons as a class action.  *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Compl. ¶¶ 32-35.

11.     Plaintiffs identify themselves as "[a]ll Content Contributors who created and/or edited written, video, or audio content for an SB Nation team site in California at any time within the four years prior to the filing of the Complaint in this action, were classified as independent contractors,

and were paid compensation directly from Vox, excluding Site Managers who opt-in to *Bradley v. Vox Media, Inc.*, No. 1:17-cv-01791 (D.D.C.)"  Compl. ¶ 32.  Plaintiffs allege that they are properly considered employees of Defendants, although Vox Media classified them as "independent contractors."  Compl. ¶¶ 1,2.  They bring this class action because they are allegedly: "entitled to unpaid minimum wages"; "entitled to unpaid overtime wages";  "owed meal and rest period premiums"; "owed statutory damages for failure to provide itemized wage statements"; "owed reimbursement of business expenses"; and "entitled to restitution and injunctive relief under the Unfair Competition Law."  Compl. ¶ 3.  The Complaint alleges seven causes of action on behalf of the putative class arising out of Plaintiffs' work with Vox Media.  Compl. ¶¶ 36-70.

12.     Plaintiffs seek owed minimum and overtime wages, liquidated damages, compensation for failure to provide meal and rest periods, damages for failure to provide accurate wage statements, damages for failure to reimburse Plaintiffs, pre-judgment and post-judgment interest, restitution to Plaintiff and class members "due to its unlawful and/or unfair business practices, including interest," injunctive relief, costs and expenses, attorneys' fees, and any other relief as the court deems just and proper.  Compl. at p. 13.

13.     Under CAFA, federal courts have original jurisdiction over class actions where the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; the putative class action contains at least 100 members; and any member of the putative class is a citizen of a state different from that of any defendant.  *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

14.     Removing Defendant Vox Media denies any liability as to Spruill's claims and the claims of the putative class members, and denies that class treatment is appropriate.  Vox Media expressly reserves all rights in this regard.  For purposes of meeting the jurisdictional requirements for removal only, however, Vox Media submits that this action satisfies all requirements for federal jurisdiction under CAFA because, as set forth below, the allegations in the Complaint identify a putative class of more than 100 members, establish the minimum diversity of citizenship required under CAFA, and put in controversy more than $5 million in the aggregate for the entire class, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

**A.     The Proposed Class Consists Of More Than 100 Members.**

15.     Spruill alleges in the Complaint that she "seeks to proceed as a class action pursuant to California Code of Civil Procedure § 382 on behalf of the following class of persons:  All Content Contributors who created and/or edited written, video, or audio content for an SB Nation team site in California at any time within the four years prior to the filing of the Complaint in this action, were classified as independent contractors, and were paid compensation directly from Vox Media, excluding Site Managers who opt-in to *Bradley v. Vox Media, Inc.*, No. 1:17-cv-01791 (D.D.C.)." Compl. ¶ 32.

16.     While Vox Media denies that class treatment is permissible or appropriate, based on its good faith review of currently available information, Vox Media estimates that there were approximately 253 individuals who performed work as content contributors for it in California during the past four years.  Declaration of James Naylor ("Naylor Decl.") ¶ 6.  (At this time, there are no Site Managers in the proposed class who have opted into *Bradley*, with the exception of Spruill, who purports to have opted in to *Bradley* with respect to her time working as a Site Manager for SB Nation while in South Carolina.  *See Bradley v. Vox Media, Inc.*, No. 1:17-cv-01791, Dkt. 32.) Plaintiffs' Complaint alleges that "the precise number of such persons is unknown, and the facts on which the calculation of that number would be based are within the sole custody and/or control of Defendant."  Compl. ¶ 33.  Accordingly, based on the Complaint's allegations and the currently available information, the proposed class consists of more than 100 members.

**B.     Defendants And Plaintiff Are Not Citizens Of The Same State.**

17.     The minimum diversity of citizenship criteria under CAFA requires that the plaintiff or any member of the putative class be a citizen of a state that is different from that of any defendant. 28 U.S.C. § 1332(d)(2)(A).

18.     The Complaint alleges that at the time of filing Spruill resides in Rock Hill, South Carolina; during one portion of the time period alleged in the Complaint, she lived in Santa Monica, California.  Compl. ¶ 5.

19.     Vox Media is a citizen of Delaware and Washington D.C. because it is a Delaware corporation, based in Washington D.C.  Compl. ¶ 2; *see* 28 U.S.C. § 1332(c)(1) ("a corporation shall

1    be deemed to be a citizen of every State and foreign state by which it has been incorporated and of

2    the State or foreign state where it has its principal place of business").

3         20.    Because the proposed class representative is "a citizen of a state different from that of

4    any defendant," the minimum diversity requirement is satisfied.  *See* 28 U.S.C. § 1332(d)(2)(A).

5         **C.    The Amount Placed In Controversy By The Class Claims Exceeds $5 Million.**

6         21.    Although Vox Media denies that Plaintiffs' claims have any merit, Vox Media avers,

7    for the purposes of meeting the jurisdictional requirements for removal only, that Plaintiffs' requested

8    monetary recovery exceeds $5 million.

9         22.    Vox Media denies that Spruill or the putative class members are entitled to any relief.

10   However, for purposes of this jurisdictional analysis only, Vox Media relies on Plaintiffs' allegations.

11   *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010) ("In determining the amount

12   [in controversy], we first look to the complaint.").

13        23.    The Complaint alleges that Plaintiffs are: "entitled to unpaid minimum wages";

14   "entitled to unpaid overtime wages";  "owed meal and rest period premiums"; "owed statutory

15   damages for failure to provide itemized wage statements"; "owed reimbursement of business

16   expenses"; and "entitled to restitution and injunctive relief under the Unfair Competition Law."

17   Compl. ¶ 3.  The Complaint alleges seven causes of action on behalf of the putative class arising out

18   of Plaintiffs' work with Vox Media.  Compl. ¶¶ 36-70.  For each of these alleged violations, Plaintiffs

19   seek civil penalties under the California Labor Code ("Labor Code"), Industrial Welfare Commission

20   Wage Order 4 ("Wage Order"), and/or the California Business and Professions Code ("Bus. Code").

21   Specifically, Plaintiffs seek, among other things:

22        a.    **Count 1:  Failure to pay minimum wage**

23             1)    Unpaid wages under Labor Code Section 1194

24             2)    Liquidated damages under Labor Code Section 1194.2

25             3)    Civil Penalties under Labor Code Section 1197.1.

26        b.    **Count 2: Failure to pay Overtime Wages**

27             1)    Unpaid wages under Labor Code Section 1194

28             2)    Liquidated damages under Labor Code Section 1194.2

c.      **Count 3: Failure to Provide Meal Periods**

    1)      Civil penalties under Labor Code Section 226.7

d.      **Count 4: Failure to Provide Rest Periods**

    1)      Civil penalties under Labor Code Section 226.7

e.      **Count 5: Failure to Provide Accurate Itemized Wage Statements**

    1)      Under Labor Code Section 226(e), the greater of all actual damages or $50 for the initial pay period in which the violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000.

e.      **Count 6: Failure to Reimburse Business Expenses**

    1)      Damages equal to the amount of expenditures or losses that have not been reimbursed under Labor Code § 2802.

f.      **Count 7: Unlawful Competition Law Violations**

    1)      Restitution "due to its unlawful and/or unfair business practices, including interest."

Compl. ¶¶ 36-70.

24.     Vox Media denies that Plaintiffs are able to recover any of the damages they claim, including, among other reasons, because Plaintiffs were properly classified as independent contractors; nonetheless, Plaintiffs' allegations, *if accepted*, would place more than $5,000,000 in controversy, exclusive of interest and costs. While Vox Media denies that it misclassified Plaintiffs or that class treatment is permissible or appropriate, Vox Media has reviewed its records and has determined, based on information currently available that there are an estimated 253 individuals currently residing in California, who were consistently paid monthly stipends by Vox Media for work performed as Content Contributors during the four years prior to the filing of the Complaint. Naylor Decl. ¶ 5.[1]

---

[1] Vox Media's currently available data only provides an individual's current location. Thus, there may be some individuals, like Ms. Spruill, who are not counted in this figure because they *currently* reside somewhere other than California. Likewise, there may be individuals on this list

Gibson, Dunn &
Crutcher LLP

25.     Based on this information, these 253 individuals were paid over a total of 134,047 days during the four years prior to the filing of the Complaint (or roughly 19,150 weeks).  Naylor Decl. ¶ 7.  On average, over the past four years, each putative class member worked 75.7 weeks.

### 1.     Plaintiffs'  Minimum Wage Claim Alone Exceeds $5 Million In Controversy.

26.     California Labor Code § 1194 provides that an "employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage."  In this case, using the assumptions in the Complaint and the information available to Vox Media, the unpaid balance is $3,425,353.08.  Because liquidated damages under Labor Code § 1194.2 equal the amount recoverable under 1194, liquidated damages are also $3,425,353.08.  In addition, penalties under Labor Code § 1197.1, put another $2,365,550 in controversy.  Thus, the total damages sought for Plaintiffs' minimum wage claim based on the allegations in the complaint is **$9,216,256.16** The calculation is as follows:

27.     Average minimum wage in California over the past four years (September 21, 2014 – September 21, 2018) for employers with more than 26 employees was approximately $10.00/hr.[2]

28.     The only allegation relating to number of hours worked by Content Contributors alleges that Ms. Spruill worked 20-25 hours per week during the regular NBA season.  Compl. ¶ 21.  Assuming the average of these numbers (22.5 hours), this means that each of the putative class members allegedly should have been paid California minimum wage for 22.5 hours per week.

29.     Ms. Spruill alleges that Content Contributors, like her, were paid a monthly stipend of $200/month (or $46.15 per week).

30.     As such, each contributor was allegedly entitled to $225 a week ($10/hr minimum wage * 22.5 hrs/week), but was only paid $46.15.  Each contributor allegedly should now be owed $178.85 per week based on the allegations in the Complaint.

who performed some of their work outside of California, but now reside in the State.  Because this list is likely equally over- and under-inclusive, this list nonetheless should provide a fairly good estimate of the total class members.

[2]  $9.00/hr (September 2014- December 2015); $10.00/hr (January 2016 – December 2016); $10.50/hr (January 2017- December 2017); $11.00/hr (January 2018 – September 2018).

31.     The total alleged damages based on failure to pay minimum wage is therefore $178.85 * 253 * 75.7 = $ 3,425,353.08.

32.     California Labor Code § 1194.2 provides that an "employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon." Thus, liquidated damages sought in this case for the minimum wage claim would equal $3,425,353.08.

33.     Labor Code § 1197.1 provides for penalties of $100 for each pay period for the first alleged violation and $250 for each pay period for subsequent violations.  Assuming biweekly pay periods, the average plaintiff would have worked approximately 38 pay periods.  Plaintiffs' claim under Section 1197.1 would place $2,365,550 in controversy.  The calculations are as follows.  First violation: 253 * $100 = $25,300.  Subsequent violations: 253 * 37 * $250 = $2,340,250.  Total: = $2,365,550.

## 2.     Plaintiffs' Unpaid Meal and Rest Break Allegations Further Confirm that CAFA's Amount in Controversy is Met Here.

34.     The Complaint alleges that Vox Media has no policy or practice of allowing meal or rest breaks.  Compl. ¶ 48 (meal periods); *id.* ¶ 53 (rest breaks).

35.     Assuming that each employee worked approximately 5.6 hours per day/four days per week, each employee would have been entitled to 4 meal and 4 rest breaks a week.  California Labor Code § 512(a) provides that an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes.  Wage Order 4 provides that an employer "shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per (4) hours or major fraction thereof."

36.     For purposes of this calculation, we assume a one day per week violation rate.  *See Mackall v. Healthsource Glob. Staffing, Inc.*, No. 16-CV-03810-WHO, 2016 WL 4579099, at *5 (N.D. Cal. Sept. 2, 2016) (discussing that 100% violation rate is not reasonable; that a 50% violation

rate is somewhat suspect absent specific evidence; and noting that in the Northern District, a 1 day per week violation rate where plaintiffs had alleged a policy or practice is reasonable).

37.     California Labor Code § 226.7 provides that "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."  In this case, the minimum wage over this period was $10.00.

38.     Assuming one missed meal period and one missed rest break a week, each putative class member allegedly should have been entitled to $10.00 each week for a missed rest break and $10.00 per week for a missed meal break.  The total damages sought are therefore: ($10.00 + $10.00) * 253 * 75.7 = **$383,042.**

### 3.     Plaintiffs' Failure to Furnish Accurate Wage Statements Claim Adds to the Amount in Controversy.

39.     Under Labor Code Section 226(e), for failure to furnish accurate wage statements, an employee may seek the greater of all actual damages or $50 for the initial pay period in which the violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000.

40.     The statute of limitations for failure to furnish accurate wage statements is one year. *See Falk v. Children's Hosp. Los Angeles*, 237 Cal. App. 4th 1454, 1469 (2015) ("Claims subject to a one-year limitations period, i.e., the wage statement claim, are therefore time-barred.").

41.     Based on Vox Media's good faith review of currently available information, it estimates that there 177 individuals who performed work as content contributors for Vox Media in California during the past year.   Naylor Decl. ¶ 8.

42.     These individuals worked, on average, approximately 31 weeks during the past year. *See* Naylor Decl. ¶ 9.

43.     Assuming biweekly pay periods, there would be 15 pay periods for each individual. And, each individual would allegedly be entitled to $50 for the first violation and $100 for each subsequent violation, e.g., $1,450.  The total damages for this claim is therefore 177 * $1,450 = **$111,650.**

### 4.    Attorneys' Fees Further Increase the Amount in Controversy.

44.    Plaintiffs' request for attorneys' fees places additional money in controversy.  Plaintiff seeks "reasonable attorneys' fees."  Compl. at p. 13.

45.    Under Ninth Circuit precedent, the benchmark commonly used for the award of attorneys' fees is 25% of the common fund.  *See Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir. 1998); *Jasso v. Money Mart Express, Inc.*, No. 11-CV-5500-YGR, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012).

46.    Vox Media denies that any such attorneys' fees are owed to Plaintiff or the putative class and reserves the right to contest the application of the 25% benchmark in this case.  However, for purposes of this jurisdictional analysis *only*, Vox Media relies on Plaintiff's allegations that attorneys' fees are owed.  Applying the 25% benchmark to the allegations in the Complaint, Plaintiffs' request for attorneys' fees, conservatively places an additional approximately **$2.4 million** in controversy.  The calculation is as follows:  $9,216,256.16 (minimum wage damages) + $383,042 (meal and rest break) + $111,650 (itemized wage statements) = $ 9,710,948.16 (total damages).  $9,710,948.16 (total damages) * 25% = $ 2,427,737,04 (attorneys' fees).

***

47.    For the foregoing reasons, this action meets the jurisdictional minimum amount in controversy.  *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)) ("'[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions.").

48.    Furthermore, because Vox Media has shown there is federal jurisdiction over this action, Plaintiffs bear the burden of proof with regard to any argument that an exception to CAFA removal applies and justifies remand.  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007).  Vox Media submits that no such exception applies and expressly reserve the right to contest and further brief the applicability of any exception that Plaintiffs may raise in a motion for remand.

## III.   THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

49.    Based on the foregoing allegations from the Complaint, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

(a)    This is a civil action that is a class action within the meaning of 28 U.S.C. § 1332(d)(1)(B);

(b)    This action involves a putative class of more than 100 persons as required by 28 U.S.C. § 1332(d)(5)(B);

(c)    The amount in controversy exceeds $5 million, exclusive of interest and costs, as required under 28 U.S.C. § 1332(d)(2); and

(d)    Plaintiff is a citizen of a state that is different from that of any Defendant, as required by 28 U.S.C. § 1332(d)(2)(A).

Accordingly, removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

50.    The United States District Court for the Northern District of California, San Francisco, is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a) because it embraces the place where Plaintiffs originally filed this case, in Superior Court of California for the County of Alameda. *See* 28 U.S.C. § 84(c); 28 U.S.C. § 1441(a).

51.    In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant Vox Media are attached as Exhibits A-E to the Smith Declaration filed concurrently herewith.

52.    Upon filing this Notice of Removal, Vox Media will furnish written notice to Plaintiffs' counsel, and will file and serve a copy of this Notice with the Clerk of the Superior Court of California for the County of Alameda, under 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Vox Media removes to this Court the above action pending against it in the Superior Court of California for the County of Alameda.

Respectfully submitted,

Dated:  November 9, 2018                              GIBSON, DUNN & CRUTCHER LLP

1

By:   */s/ Katherine V.A. Smith*
Katherine V.A. Smith

2

3

GIBSON, DUNN & CRUTCHER LLP
Katherine V.A. Smith, SBN 247866
ksmith@gibsondunn.com
Elizabeth A. Dooley, SBN 292358
edooley@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

4

5

6

7

GIBSON, DUNN & CRUTCHER LLP
Jason C. Schwartz (*pro hac vice* application
     forthcoming)
jschwartz@gibsondunn.com
Greta B. Williams, SBN 267695
gbwilliams@gibsondunn.com
1050 Connecticut Ave., N.W.
Washington, D.C. 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

8

9

10

11

12

13

***Attorneys for Defendant Vox Media, Inc.***

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28